(No. 3843— )

CHARLES STONE Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1945.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claimant is a corporation, principal office at Chester, Illinois, and has a quarry and plant at Cypress, Illinois.

It asks an award in the sum of $395.74 for lime stone furnished to the respondent as per invoices attached to the complaint and made a part thereof.

The record discloses that the claimant furnished the State with the following items: 5.84 tons of Cull stone at $0.65 which is $3.80; 13.18 tons roadstone at $1.00 which is $13.18; 3.13 tons of roadstone at $1.00 which is $3.13; 28.36 tons roadstone at $1.00 which is $28.36; 51.65 tons roadstone at $2.20 which is $113.63; 92.16 tons roadstone at $1.76 which is $162.20; 17.10 Agstone at $2.50 which is $42.76; 9.6 tons 3/8" stone at $1.30 which is $12.48; and 16.20 tons culled stone at $1.00 which is $16.20.

The report of the Division of Highways acknowledged the receipt of all of the above except 12.6 tons of stone at $1.76 a ton amounting to $22.18. The report states that the Division is unable to account for this difference but it does not deny that delivery was made.

The Division also acknowledges the kind of stone, volume, price and points of delivery as shown on inventories, were agreed upon by the parties when the material was ordered by the Division of Highways.

The Division **report** also shows that during the time this material was being furnished to the State the claimant was in the process of reorganization. When the corporation invoices were presented to the Division for payment in due course in January, 1944, the appropriation from which they were payable had lapsed.

When merchandise is sold to the State on its orders, and received by it and claimant submits a bill in the correct amount within a reasonable time, and due to no fault or neglect on its part, same is not approved and vouchered for payment before lapse of appropriation from which it is payable, an award may be made for the value thereof, where at the time same was furnished there was sufficient funds remaining therein to pay same.

An award is therefore made in favor of claimant in the sum of $395.74.